Edward Robinson, Jr., J.
The plaintiff seeks a declaratory judgment decreeing ¡that the Building Zone Ordinance of the defendant village as interpreted and applied by said defendant to the property and proposed use of same by plaintiff, to be arbitrary, unreasonable, discriminatory, unconstitutional and void. It further demands that the court find that the limitations contained in such ordinance do not affect the use of the premises as a dry-cleaning establishment and that judgment should be granted directing the issuance of a certificate of occupancy for such use.
*182 The specific ordinance in question (art. IX) reads as follows:
9:1:0 BUSINESS B DISTRICT
The provisions of this Article shall apply to Business B Districts.
9:2:0 USE
9:2:1 A building may bo erected, altered or used and a lot or premises maybe used for one or more of the purposes hereinafter set forth in this Article and for no other purposes or uses.
9:2:2 Office building.
9:2:3 Retail store.
9:2:4 Restaurant, bakery shop, confectionery shop.
9:2:5 Newspaper office or job printing; bookbinding; hand laundry;
undertaking establishment; express office.
9:2:6 Shops for carpenters, plumbers, upholsterers, electricians, tinsmiths, paperhangers, painters, tailors, dressmakers, shoemakers, watch and clock makers, opticians, pet animals and other trades or uses of a similar grade.
9:2:7 Any manufacturing, fabricating, treating, converting, finishing, altering or assembling, in connection with any one of the aforesaid permitted uses and which is a necessary incident and accessory to the preparation of articles to be sold primarily at retail on the premises, .or to the performing of a service primarily for residents of the neighborhood, and on a scale requiring not more than five (5) horsepower and not more than five (5) operatives engaged on such work and to an extent involving for such work not more than the rear three-quarters of the entire first floor space of the building. Manufacturing, fabricating, treating, converting, finishing, altering or assembling as above allowed by a combination of two or more of such permitted uses so as in fact to create an industry shall not be permitted.
The premises are improved with a completed building and the Building Inspector of the defendant has refused to issue a certificate of occupancy for the use of the premises as a dry-cleaning establishment and shirt laundry on the ground that an inspection preliminary to such issuance revealed that the total horsepower of the motors in the machine to be used on the premises exceeds eight, which violated the terms of the variance previously issued.
The plaintiff had applied for a variance of the restriction contained in section 9:2:7 of article IX of the Building Zone Ordinance. The Board of Appeals of the defendant granted a variance to the extent of permitting electric motors having an aggregate horsepower of eight to be used in the operations and further permitting the total number of employees engaged in such dry-cleaning establishment to be increased to seven. It is contended by the plaintiff that any restriction on the amount of horsepower to be used in the operation of the business herein, is unreasonable, discriminatory and confiscatory and a denial of a certificate of occupancy by the Building Inspector is beyond his power. In support of this contention, the plaintiff *183 sets forth four causes of action. The first cause of action asserts that a dry-cleaning business cannot be conducted under the restrictions set forth in the ordinance and as a consequence the limitation results in a taking of the plaintiff’s property without just compensation. It is apparent to this court that the purpose of the ordinance is to control the size of business permitted in Business “B ” District. It was the intent of the board to allow the maintenance of a business or the performance of a service in this zone primarily for the benefit of the residents of the neighborhood.
There is no apparent distinction to be made between limitation as to horsepower and manpower and a limitation as to area of building and number of stories which have been a matter of judicial approval for many years. The placing of property in a zone wherein control of the size of a business based upon the number of employees or the size and power of a motor is similar to the establishment of separate and distinct zoning areas for the erection of single or multifamily dwelling houses.
The court has been unable to find a case in New York that is in point; however, in the case of Lockard v. City of Los Angeles (33 Cal. 2d 453, cert. den. 337 U. S. 939) it was held that an ordinance limiting the number of employees in certain allowable business activities to five was valid. In the same year, the Supreme Court of New Jersey held a similar limitation valid and the enactment of such a proper exercise of legislative power. (Duffcon Concrete Prods, v. Borough of Cresskill, 1 N. J. 509.) The court finds that this is a proper, valid and legal method of zoning regulation.
The second cause of action alleges that the ordinance does not impose a limitation on any of the uses permitted in the specified uses set forth in sections 9:2:2 to 9:2:6; however, if it be contended that the restrictions do apply to such uses, then it is unconstitutional in that the greater part of such uses cannot be maintained with such limitations.
The court finds that it is the purpose of the ordinance to control the size of a permitted business in the Business “ B ” District. It was enacted in an effort to control the size of the business but still permit certain necessary incidental manufacturing, fabricating, treating, converting, finishing, altering or assembling, to be carried on in conjunction with the primary activity. If the result of the ordinance serves to exclude a dry-cleaning business engaged in handling truckloads of11 imported ’ ’ apparel for cleaning, such an exclusion is a proper exercise of legislative power.
*184 The court further finds that the “ manufacturing ” and other activities described in section 9:2:7 refer to such ‘ ‘ manufacturing ” which is a necessary accessory to the preparation of merchandise and performing of services for the residents of the neighborhood.
The third cause of action alleges that the ordinance is confiscatory if it allows unlimited power to be used when the permitted uses are conducted as principal uses but limits such power when the same is used in connection with an accessory use.
The fourth cause of action maintains that the limitation set forth in the ordinance only applies to dry-cleaning operations and not to the other permitted uses in the zone, therefore it is arbitrary and unlawful.
The third and fourth causes of action assume an interpretation of the meaning of the ordinance with which the court does not agree. A careful reading of article IX leads the court to the conclusion that the only reasonable interpretation as to the meaning of the ordinance is that the restrictions set forth in section 9:2:7 apply to each and every business use permitted in the zone and that all manufacturing, fabricating, treating, converting, finishing, altering or assembling incidental to any permitted use must be undertaken within the limitations set forth in section 9:2:7.
A comprehensive and careful review of all the evidence adduced on the trial herein compels the court to hold that the restriction and limitation under attack herein is a valid and reasonable exercise of the legislative power of the defendant municipality. Accordingly the complaint is dismissed, with costs.